**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| FELIX ALEXIE, JR., Individually and on behalf of all others similarly situated | * | CIVIL ACTION  NO.: 10-1250 |
| | * | |
| | * | SECTION J |
| PLAINTIFFS | * | |
| | * | DIVISION 3 |
| VERSUS | * | |
| | * | JUDGE CARL J. BARBIER |
| BP, PLC, BP PRODUCTS NORTH AMERICA, INC., | * | |
| BP AMERICA, INC., TRANSOCEAN, LTD., | * | MAGISTRATE |
| TRANSOCEAN OFFSHORE DEEPWATER | * | DANIEL E. KNOWLES, III |
| DRILLING, INC., TRANSOCEAN DEEPWATER, | * | |
| INC., HALLIBURTON ENERGY SERVICES, INC. | * | |
| AND CAMERON INTERNATIONAL | * | |
| CORPORATION f/k/a COOPER CAMERON | * | |
| CORPORATION | * | |
| | * | |
| DEFENDANTS | * | |

**************************************************

**PLAINTIFF'S MEMORANDUM REGARDING**
**UNSETTLED ISSUES OF LAW UNDER OPA**

**MAY IT PLEASE THE COURT:**

Plaintiff Felix Alexie submits the foregoing memorandum of unsettled issues of law under

the Oil Pollution Act of 1990 for consideration by this Honorable Court.

**I.     INTRODUCTION**

The Oil Pollution Act of 1990 (OPA) significantly broadened the range of compensatory

damages previously not allowed by traditional maritime/admiralty law. Under traditional

maritime/admiralty law, damages were limited to recovery to only things the oil touched. *Louisian*a

*ex rel. Guste v. M/V Testbank*, 752 F.2d 1019,1021 (5th Cir.1985). Under the OPA no such limitation exists.

According to Section 1002(b)(2), the individual claimant may recover for the following damages:

> (B) REAL OR PERSONAL PROPERTY.—Damages for injury to, or economic losses resulting from destruction of, real or personal property, which shall be recoverable by a claimant who owns or leases that property.
>
> (C) SUBSISTENCE USE.—Damages for loss of subsistence use of natural resources, which shall be recoverable by any claimant who so uses natural resources which have been injured, destroyed, or lost, without regard to the ownership or management of the resources. . . .
>
> and
>
> (E) PROFITS AND EARNING CAPACITY.—Damages equal to the loss of profits or impairment of earning capacity due to the injury, destruction, or loss of real property, personal property, or natural resources, which shall be recoverable by any claimant.  33 U.S.C. § 2702(b)(2).

## II.    Strict Liability

The OPA requires a Responsible Party (RP) to pay the damages permitted to be recovered under the statute. *Green Atlas Shipping S.A. v. U.S.*, 306 F.Supp.2d 974, 978 (D.Or. 2003). In the instant matter, the Coast Guard has named BP and Transocean as the RP.  As such, they are strictly liable for compensating qualifying claimants under OPA.

## III.    Condition Precedent

Filing an OPA claim with the RP is a condition precedent to filing suit.  In *Gabarick v. Laurin Marine*, the U.S. District Court for the Eastern District of Louisiana affirmed an Eleventh

Circuit decision "'that the clear text of § 2713 creates a mandatory condition precedent barring all OPA claims unless and until a claimant has presented her claim' in accordance with the statute." *Gabarick v. Laurin Marine (America), Inc.*, 623 F.Supp.2d 741 (E.D.La. 2009), *citing Boca Ciega Hotel, Inc. v. Bouchard Transp. Co.*, 51 F.3d 235, 240 (11th Cir. 1995). Failure to comply with § 2713's mandatory condition precedent requires that a lawsuit making an economic loss claim against a responsible party be dismissed without prejudice. *Id.*

The condition precedent is jurisdictional. A claimant must file a claim with the Responsible Party which informs the Responsible Party of the nature and extent of harm or of the relief requested and that 90 days have passed from the date that the claim was presented before a suit can be filed. *Id.* The Court would be well served to establish guidelines as soon as practicable to enable the parties to understand whether a claim satisfies the presentment requirement.

## IV.   The OPA Preempts the Limitation of Liability Act

The Limitation of Liability Act limits the recoverable damages to the vessel's value plus freight owing *at the end of a voyage*. 46 U.S.C. §183. However, since the OPA imposes strict liability for pollution removal costs and damages on the "responsible party" for the vessel from which the oil is discharged, the OPA effectively repealed both substantive limitations and procedures of the Limitation Act with respect to removal costs and damages against responsible parties. *Complaint of Metlife Capital Corp.*, 132 F.3d 818 (1st Cir. 1997).

On May 13, 2010, Transocean cited the Limitation of Liability Act in its petition, in an effort to limit its liability to under $27 million.[1] In response, Tony West, the Justice Department's assistant attorney general for the civil division, admonished the company, stating: "It is simply

---

[1] http://www.insurancejournal.com/news/national/2010/06/01/110313.htm, June 1, 2010.

unconscionable, in the circumstances of this case, that Transocean is attempting to use this same shield of liability (used in the Titanic case), potentially leaving thousands of people who have been damaged by your clients' actions with no remedy." *Id.*  The letter further stated the OPA subsequent case law excluded oil spills from the 1851 Limitation of Liability Law. *Id.*  West continued: "Given the foregoing, we ask that you agree to modify the court's monition to the extent that it could be construed to cover the claims of the United States or the States." *Id.*  Transocean responded the following day, stating it did not intend to attempt to block claims made against them under the OPA. *Id.*

The Fifth Circuit Court of Appeals, affirming *Metlife*, held the Limitation of Liability Act does not apply to claims brought under the OPA *In re Southern Scrap Material Co., LLC,* 541 F.3d 584 (5th Cir. 2008), citing *Complaint of Metlife Capital Corp.,* 132 F.3d 818, 822 (1st Cir.1997). As such, the Limitation of Liability Act cannot be invoked by Transocean, or any other party, in the instant matter.

**V.     The OPA Preempts General Maritime Law**

The OPA's "savings provision" provides "[e]xcept as otherwise provided in this Act, this Act does not affect admiralty or maritime law; or the jurisdiction of the district courts of the United States with respect to civil actions under admiralty and maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 33 U.S.C. 2751(e).

The United States District Court for the Eastern District of Louisiana has held that OPA preempts general maritime law claims that are recoverable under the OPA. *Gabarick v. Laurin Maritime (America) Inc.*, 623 F.Supp.2d 741, (E.D.La. 2009).  Further, the *Gabarick* Court found that the intent of Congress was to encourage settlement and reduce litigation in oil spill cases

4

through the enactment of comprehensive federal legislation that provides "cleanup authority, penalties, and liability for oil pollution." *Id.*, *citing Altria,* 129 S.Ct. at 543; Senate Rpt., p. 730.

Citing *Gabarick*, the Eastern District affirmed that the "OPA 90's admiralty and maritime law savings clause evidences its preemption in that it permits the admiralty and maritime law claims 'except as otherwise provided in [the] Act.'" *In re Settoon Towing LLC*, 2009 WL 4730971*3 (E.D.La. 2009), See 33 U.S.C.A. 2751; *see also*, *Gabarick*, 623 F.Supp.2d at 746 (*citing Tanguis v. M/V Westchester*, 153 F.Supp.2d 859, 867 (E.D.La. 2001)).

## VI.    Unsettled Issues

### A.    Does the OPA's $75 Million Cap on Damages Apply to the Instant Matter?

The OPA states an offshore facility (except deepwater port) is generally liable for the total of all removal costs, plus $75 million. 33 U.S.C. § 2704(a)(3).  The OPA limits do not apply <u>if the incident was proximately caused by the *gross negligence* or *willful misconduct of, or the violation of an applicable Federal safety, construction, or operating regulation*</u>. The finding of gross negligence, willful misconduct or violation of any federal safety, construction or operating regulation eliminates any cap on liability.33 U.S.C. § 2704(c)(1).

BP has publicly stated that it will pay "legitimate claims that the exceed the 75 million cap."  The Court would be well served to ask BP whether it would stipulate that it would not be bound by the 75 million dollar cap.  This stipulation would eliminate the need for much discovery.

### B.    Does the OPA Preempt Punitive Damage Claims?

Two courts have held that punitive damages are not allowed under the OPA.  The First Circuit in *South Port Marine, LLC v. Gulf Oil Ltd.* denied punitive damages based on the reasoning that Congress intended the OPA to be the sole federal law applicable in the area of maritime

pollution.234 F.3d 58 (1st Cir. 2000). As the OPA sets forth a comprehensive list of recoverable damages, from which punitive damages is noticeably absent, Congress specifically intended to exclude punitive damages. *Id.*

*Clausen v. M/V New Carissa* affirms the First Circuit denying an award of punitive damages to the owner of an oyster bed following an oil spill. 171 F.Supp.2d 1127 (D.Oregon 2001). The Court held that punitive damages were precluded under any general maritime or admiralty law theory for any claim for which the OPA could provide relief. *Id.* The issue is not settled in this circuit.


Respectfully submitted:

 S/  Joseph M. Bruno
**JOSEPH M. BRUNO (3604)**
**BRUNO & BRUNO, LLP**
855 Baronne Street
New Orleans, LA 70113
PH:     (504)525-1335
FX:     (504)561-6775
EM:jbruno@brunobrunolaw.com
*Attorney for Plaintiff, Felix Alexie*


## CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the above and foregoing pleading by electronic filing on all counsel listed below, this 2nd day of June, 2010.

  S/ Joseph M. Bruno
JOSEPH M. BRUNO